### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| JEREMY LEE HILTON and ) | |
| RENAE MARIE HILTON, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: **2:07-cv-0741-MHT** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, answers Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Court lacks subject-matter jurisdiction.

### THIRD DEFENSE

Defendant denies that it breached any duty of care owed to plaintiffs.

### FOURTH DEFENSE

All Government employed health care providers satisfied the applicable standard of care.

**FIFTH DEFENSE**

The injuries alleged in the complaint were not proximately caused or exacerbated by any negligent or wrongful act or omission of any employee of the United States.

**SIXTH DEFENSE**

Contributory negligence.

**SEVENTH DEFENSE**

Sovereign immunity.

**EIGHTH DEFENSE**

All claims by plaintiffs Jeremy Lee Hilton and Renae Marie Hilton arise incident to military service and are therefore barred by the *Feres* doctrine.  *Feres v. United States*, 340 U.S. 135, 146 (1950); *Speigner v. Alexander*, 248 F.3d 1292, 1298 (11th Cir. 2001).

**NINTH DEFENSE**

Plaintiffs have failed to comply with Md. Code Ann., Cts & Jud. Proc., Subtitle 2A, Health Care Malpractice Claims.

**TENTH DEFENSE**

Plaintiffs' damages, if any, are capped by Maryland law.  Md. Code Ann., Cts & Jud. Proc., §§ 11-108 and 3-2A-09.

**ELEVENTH DEFENSE**

Plaintiffs' recovery, if any, is limited by the amount of their administrative claims presented on August 23, 2004, pursuant to 28 U.S.C. 2675(a).

**TWELFTH DEFENSE**

Plaintiffs' recovery, if any, is subject to offset against any benefits which the plaintiffs have heretofore received or will receive in the future from the United States.

**THIRTEENTH DEFENSE**

Plaintiffs are not entitled to an award of costs, if any, except as provided by 28 U.S.C. Section 2412.

**FOURTEENTH DEFENSE**

This case should be dismissed or transferred to the District of Maryland under the doctrine of forum non conveniens.

**FIFTEENTH DEFENSE**

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

**SIXTEENTH DEFENSE**

Answering specifically the numbered paragraphs of the complaint, utilizing the same paragraph numbering, the defendant admits, denies, and otherwise answers as follows:

  1.1 Paragraph 1.1 of the complaint contains no averments of fact to which a response is required. To the extent a response is required, paragraph 1.1 is admitted.

  1.2 Defendant is without sufficient information or knowledge to admit or deny plaintiffs' residency and for that reason denies the allegations contained in paragraph 1.2.

  1.3 Defendant admits that the United States of America is the defendant in this lawsuit.

  1.4 Defendant admits that plaintiffs' filed this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b), 2671-2680, but denies all other allegations in this paragraph.

  1.5 Paragraph 1.5 contains no averments of fact to which a response is required. To the extent a response is deemed required, defendant notes that Fed. R. Civ. P. 4(I) sets forth the proper method of service on the United States and its agencies.

  1.6 Defendant lacks sufficient knowledge or information to admit or deny plaintiffs' residency and domiciliary status, and therefore denies the allegations contained in paragraph 1.6. Defendant avers that venue is more proper in the District of Maryland and that this action should be dismissed or transferred under the doctrine of forum non conveniens because all conduct alleged in the complaint occurred in Maryland, the vast majority of witnesses are in Maryland, Maryland tort

law controls, and plaintiffs reside in the Middle District of Alabama due to a temporary military assignment.

2.1   Paragraph 2.1 contains no averments of fact to which a response is required, but rather, constitutes plaintiffs' characterization of their cause of action. Insofar as a response to these averments may be required, paragraph 2.1 is denied. Defendant specifically denies that any of its employees acting with the scope of their employment at Malcolm Grow USAF Medical Center, Andrews Air Force Base, Maryland, and at Bethesda Naval Medical Center, Maryland, were negligent and denies that it is liable to the plaintiffs' under the FTCA.

3.1   Defendant admits that plaintiffs presented certain administrative claims that were denied and that plaintiffs submitted a request for reconsideration. Defendant denies the remaining allegations contained in paragraph 3.1.

4.1   Defendant admits the allegations contained in paragraph 4.1, but denies that the health care facilities identified are staffed solely by employees of the Government.

5.1   Defendant denies that all persons involved in the medical and health care services provided to plaintiff, Renae Marie Hilton, were employees of the Government.

6.1   Defendant denies the allegations contained in paragraph 6.1.

6.2   Defendant denies the allegations contained in paragraph 6.2.

6.3   Defendant denies the allegations contained in paragraph 6.3.

6.4   Defendant denies the allegations contained in paragraph 6.4 of the complaint but avers that plaintiff Renae Hilton first sought prenatal care at Malcolm Grow Medical Center on May 21, 2002.

6.5   Defendant admits the allegations contained in paragraph 6.5 of the complaint but avers that plaintiff Renae Hilton first sought prenatal care at the Bethesda Naval Medical Center on October 23, 2002.

6.6   Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 6.6.

6.7   Defendant denies the allegations contained in paragraph 6.7 of the complaint but avers that certain limited ultrasounds were performed at plaintiff Renae Hilton's request to reassure the patient on the fetal heart beat and view the sex of the fetus.

6.8   Defendant denies the allegations contained in paragraph 6.8.

6.9   Defendant denies the allegations contained in paragraph 6.9.

6.10   Defendant denies the allegations contained in paragraph 6.10.

6.11   Defendant denies the allegations contained in paragraph 6.11.

6.12   Defendant denies the allegations contained in paragraph 6.12.

6.13   Defendant denies the allegations contained in paragraph 6.13.

6.14   Defendant denies the allegations contained in paragraph 6.14.

6.15   Defendant denies the allegations contained in paragraph 6.15.

6.16   Defendant denies the allegations contained in paragraph 6.16.

6.17    Defendant is without sufficient information or knowledge to admit or deny the size of the fetal head in utero and for that reason denies the allegations contained in paragraph 6.17. Defendant avers that at birth plaintiff Kathleene Hilton's head measured 49.50 cm and was diagnosed as macrocephalic.

6.18    Defendant admits the allegations contained in paragraph 6.18.

6.19    Defendant admits that plaintiff Renae Hilton reported to Bethesda Naval Medical Center.

6.20    Defendant admits that an ultrasound was performed prior to induction of labor but denies that it was an anatomical ultrasound. Defendant avers the ultrasound was performed to confirm fetal presentation.

6.21    Defendant admits that plaintiff Renae Hilton underwent a period of labor with delivery on November 25, 2002, by cesarean section secondary to arrest of labor. Defendant further avers that the fetus was not harmed during the trial of labor.

6.22    Defendant denies the allegations contained in paragraph 6.22.

6.23    Defendant denies the allegations contained in paragraph 6.23 but avers that a head CT scan showed non-communicating hydrocephalus with enlarged lateral and third ventricles and a smaller aqueductal stenosis.

6.24    Defendant admits that Kathleene Hilton's head circumference was measured at 49.50 cm at birth, but defendant is without sufficient information or

knowledge to admit or deny the head size of a three-year old child and for that reason denies the remainder of the allegations contained in paragraph 6.24.

6.25    Defendant denies the allegations contained in paragraph 6.25.

6.26    Defendant denies the allegations contained in paragraph 6.26 of the complaint. Defendant avers that the standard of care for plaintiff Renae Hilton's pregnancy did not require an anatomical ultrasound.

6.27    Defendant denies the allegations contained in paragraph 6.27.

6.28    Defendant denies the allegations contained in paragraph 6.28.

6.29    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 6.29.

6.30    Defendant is without sufficient information or knowledge to admit or deny Kathleene Hilton's current physical conditions or life time prognosis and for that reason denies the allegations contained in paragraph 6.30.

6.31    Defendant admits the allegations contained in paragraph 6.31, but denies that any of Kathleene Hilton's injuries were cause by any negligent or wrongful act or omission of any employee of the Government.

6.32    Defendant denies the allegations contained in paragraph 6.32.

7.1    Defendant denies each and every allegation contained in paragraph 7.1 of the complaint, and specifically denies the allegations contained in sub-paragraphs 1 through 12 inclusively.

7.2    Defendant denies the allegations contained in paragraph 7.2.

8.1    Defendant denies the allegations contained in paragraph 8.1.

8.2    Defendant denies the allegations contained in paragraph 8.2.

9.1    Paragraph 9.1 of the complaint are averments that do not constitute allegations of material fact to which a response is required, but rather, constitute plaintiffs' definitions and explanations of terms they use in their complaint.  Insofar as a response to these averments may be required, defendant denies paragraph 9.1.

The allegations contained in an unnumbered paragraph under Roman Numeral X of the complaint constitutes a prayer for relief to which no response is required, but to the extent a response is required, the allegations are denied.

Wherefore, having fully and completely answered the allegations contained in plaintiffs' complaint, the United States further states that any allegations not previously admitted or denied are denied.  Defendant further states that plaintiffs are not entitled to the relief sought in the complaint or to any relief whatsoever, and that this action should be dismissed in its entirety with prejudice.

Respectfully submitted this 22nd day of October, 2007.

> LEURA G. CANARY
> United States Attorney
>
> By:   s/Stephen M. Doyle
> STEPHEN M. DOYLE
> Chief, Civil Division
> Assistant United States Attorney
> Post Office Box 197
> Montgomery, AL  36101-0197
> District of Columbia Bar No. 422474
> Telephone No.: (334) 223-7280
> Facsimile No.: (334) 223-7418
> E-mail:  **stephen.doyle@usdoj.gov**

**Of Counsel:**
HILDEGARDE CONTE PERLSTEIN
Chief, Medical Law Branch
Claims and Tort Litigation Division
HQ AFLOA/JACC
1501 Wilson Blvd., Ste 835
Arlington, VA 22209-2403
Telephone No.: (703) 696-9022
Facsimile No.: (703) 696-9009
E-mail:  **hilde.perlstein@pentagon.af.mil**

### CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2007, Electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

George J. Hanko III, Esquire

s/Stephen M. Doyle
Assistant United States Attorney
