IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEREMY LEE HILTON and <br> RENAE MARIE HILTON, et al. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: **2:07-cv-0741-MHT** <br> ) <br> ) <br> ) <br> ) |

## UNITED STATES' MOTION TO TRANSFER
## TO THE DISTRICT OF MARYLAND

COMES NOW Defendant, the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to 28 U.S.C. § 1404 (a), moves to transfer this action to the District of Maryland. In support of this motion, defendant states as follows:

1.  This is a medical malpractice action brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b); 2671-2680. Complaint ¶¶ 1.1; 2.1; 6.1. Plaintiff, Renae Hilton, is an officer on active duty in the United States Air Force. DEX 1, Anderson Decl. ¶ 4. This case arises from the birth of her daughter, Kathleene Hilton, in November 2002 at Bethesda Naval Medical Center in Bethesda, Maryland. Complaint ¶¶ 6.18; 6.21. Plaintiffs allege that Kathleene Hilton received substandard antepartum, intrapartum, and postpartum medical, nursing, and hospital care at Andrews Air Force Base (AFB) in Prince George's County, Maryland, and at

Bethesda Naval Medical Center in Bethesda, Maryland, and that as a result she is profoundly cognitively and physically disabled. Complaint ¶¶ 2.1; 5.1; 6.2-6.5; 6.28; 6.32; 6.27-6.30. The United States denies any wrongdoing. The medical care at issue in this lawsuit all occurred in the District of Maryland. *Id.*

2.  The only connection that this case has to the Middle District of Alabama is plaintiff, Maj. Renae Hilton's, current assignment as a student to the Air Command and Staff College (ACSC) at Maxwell AFB in Montgomery, Alabama.[1] DEX 1, Anderson Decl. ¶¶ 4-5. Major Hilton is scheduled to graduate from ACSC on June 9, 2008. *Id.* at ¶ 4. Thereafter, she will be assigned to another duty station outside of the Middle District of Alabama. *Id.* at ¶¶ 4-5. Assignments for graduating ACSC students are typically made in March prior to graduation. *Id.* at ¶ 4.

3.  Venue in FTCA cases is proper in the judicial district where the act or omission complained of occurred or in the district where the plaintiff resides. 28 U.S.C. § 1402 (b). Plaintiffs rely upon their current residence in Montgomery, Alabama, to bring suit in this District.[2] Complaint ¶ 1.2; 1.6. Venue would also be

---

[1] Plaintiffs, Kathleene Hilton and Jeremy Hilton, are Major Renae Hilton's dependents. DEX 1, Anderson Decl. ¶ 7.

[2] Although Maj. Hilton is currently assigned as a student to Maxwell AFB, she is a legal resident of New York. DEX 1, Anderson Decl. ¶ 8. Her husband, Jeremy Hilton, is a legal resident of Texas. *Id.* Their automobiles are registered in the State of Texas. *Id.* ¶ 6.

proper in the District of Maryland because all of the health care complained of occurred there. Complaint ¶¶ 2.1; 5.1; 6.2-6.5; 6.28; 6.32.

    4.    Pursuant to 28 U.S.C. § 1404 (a), this Court may transfer a civil action to another district where it might have been brought if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice. *See, Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The provisions of 28 U.S.C. § 1404 (a) apply to FTCA actions even though such actions are governed by a special venue provision. *Id.* at 617 n. 5. Section 1404 transfers are committed to the sound discretion of the trial court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *Brown v. Connecticut General Life Insurance*, 934 F.2d 1193, 1196-97 (11th Cir. 1991).

    5.    The Court should weigh several factors in order to determine whether transfer to another district is warranted under § 1404 (a). "These factors include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances." *Verret v. State of Alabama Department of Mental Health*, 2007 WL 2609777 (M.D. Ala. 2007)(*citing Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005)).

6. Under the totality of the circumstances here, the District of Maryland is a far better forum for this case than the Middle District of Alabama. *See, Adkins v. United States*, 2006 WL 398400 (M.D. Fla. 2006)(unpublished)(transferring FTCA malpractice case arising from military health care from Middle District of Florida to District of Alaska because all of the health care at issue took place at Elmendorff Air Force Base in Alaska)(copy attached as DEX 3); *Dulaney v. United States*, 472 F.Supp.2d 1085 (S.D. Ill. 2006)(transferring FTCA malpractice case arising from medical treatment at VA hospital to district where hospital was located). Although plaintiffs' choice of forum is ordinarily afforded some deference, that factor should be given little or no weight here. Plaintiffs are only in Montgomery by virtue of Major Renae Hilton's assignment to Maxwell AFB as an ACSC student. DEX 1, Anderson Decl. Major Hilton's assignment will end in June 2008. *Id.* at ¶¶ 4-5. This is a complicated medical malpractice case that will continue long beyond the Hilton's departure from Maxwell AFB for Maj. Hilton's follow-on assignment. Thus, this Court will likely be called upon to try a case with absolutely no remaining connection to the Middle District of Alabama.

7. For the same reasons, the convenience of the parties weighs in favor of transfer. Plaintiffs will not be located in Montgomery after June 2008. *Id.* In addition, they have chosen to retain counsel from Austin, Texas. *See,* Motion for Admission *Pro Hac Vice*. It will be just as easy for plaintiffs and their out-of-state counsel to travel to the District of Maryland after Maj. Hilton's graduation from

ACSC as it will be for them to return to Montgomery. In fact, the District of Maryland is serviced by a major international airport, Baltimore Washington International Thurgood Marshall Airport (BWI), making it an easier travel destination than Montgomery which has limited air service. The relative means of the parties is not an issue here because plaintiffs and their out-of-state counsel will be required to travel whether the case remains here or is transferred.

8. The locus of operative facts in this case is Maryland. All of the alleged acts and omissions pleaded in plaintiffs' complaint took place in Maryland. Complaint ¶¶ 2.1; 5.1; 6.2-6.5; 6.28; 6.32. No aspect of this case took place in the Middle District of Alabama.

9. The forum's familiarity with the governing law weighs heavily in favor of the District of Maryland. Maryland medical malpractice law will apply in this case. Under the FTCA, the United States is liable to the same extent as a private person "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346 (b). Here, the alleged acts and omissions giving rise to plaintiffs' claims all occurred in Maryland. The Supreme Court explains that "we have consistently held that § 1346 (b)'s reference to the 'law of the place' means the law of the State - the source of substantive liability under the FTCA." *FDIC v. Meyer*, 510 U.S. 471, 479 (1994). Maryland has a complex statutory medical malpractice scheme. *See*, Md. Code Ann. Cts. & Jud. Proc., Subtitle 2A, Health Care Malpractice Claims (2007). The District of Maryland can be expected to have

5

greater familiarity than the Middle District of Alabama with Maryland malpractice law as adopted by reference in the FTCA.

10. The location of relevant documents and the relative ease of access to sources of proof weighs in favor of the District of Maryland. All of the relevant medical records and other evidence concerning Maj. Renae Hilton's and Kathleene Hilton's medical care are located in Maryland at Andrews AFB and Bethesda Naval Medical Center. DEX 2, Israel Decl. ¶ 12.

11. The convenience of the witnesses and the availability of process to compel the attendance of unwilling witnesses both weigh entirely in favor of transfer. Several of the key military health care providers whose conduct is at issue in this case are still stationed in Maryland. Doctor J.R. Greenwald, CAPT USN, Pediatrics; Certified Nurse Midwife Susan Pierson, CDR USN; and Marian Engle, civilian OB Nurse Practitioner, are all still stationed at Bethesda Naval Medical Center in Bethesda, Maryland. Doctor Catherine Witkop, Maj. USAF, OB GYN, is currently stationed at Johns Hopkins University Medical Center in Baltimore, Maryland. Doctor Brian M. Belson, LTC USA, OB GYN and Dr. Belinda Yauger nee Blood, CPT USA, are both assigned to Walter Reed Army Medical Center in Washington, DC. Walter Reed is a brief drive from the District of Maryland. Other military health care providers have since been transferred from Maryland, but none are located in the Middle District of Alabama. Doctor Christine Booth, CPT USA, OB GYN, is stationed at Ft. Bragg, NC. Nurse Practitioner/Nurse Midwife Michelle

Harmon, Capt. USAF, is stationed at Eglin AFB, FL. Doctor Tracey Golden, OB GYN, has separated from the Air Force and now practices in Myrtle Beach, SC. DEX 2, Israel Decl. ¶¶ 1-11. Keeping this case in the Middle District of Alabama does not further the convenience of a single witness and makes compulsory process completely unavailable.

12.     Under the totality of the circumstances here, trial efficiency and the interests of justice compel transfer from the Middle District of Alabama to the District of Maryland. This is clearly a Maryland case. It simply makes no sense to keep this case venued in the Middle District of Alabama solely for the temporary convenience of plaintiffs who are expected to leave Maxwell AFB in June 2008. DEX 1, Anderson Decl.

13.     To conserve judicial resources and the parties' resources, the Court should stay entry of a scheduling order until it rules upon this motion to transfer.

Respectfully submitted this 5th day of November, 2007.

                              LEURA G. CANARY
                              United States Attorney

By:  s/Stephen M. Doyle
     STEPHEN M. DOYLE
     Chief, Civil Division
     Assistant United States Attorney
     Post Office Box 197
     Montgomery, AL  36101-0197
     Telephone No.: (334) 223-7280
     Facsimile No.: (334) 223-7418
     E-mail:  **stephen.doyle@usdoj.gov**

**Of Counsel:**
HILDEGARDE CONTE PERLSTEIN
Chief, Medical Law Branch
Claims and Tort Litigation Division
HQ AFLOA/JACC
1501 Wilson Blvd., Ste 835
Arlington, VA 22209-2403
Telephone No.: (703) 696-9022
Facsimile No.: (703) 696-9009
E-mail:  **hilde.perlstein@pentagon.af.mil**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2007, I Electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    George J. Hanko III, Esquire

    s/Stephen M. Doyle
    Assistant United States Attorney

# DEFENDANT'S EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEREMY LEE HILTON and ) | |
| RENAE MARIE HILTON, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:07-cv-0741-MHT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### DECLARATION OF JOHN H. ANDERSON, III, LT. COL. USAF

I, John H. Anderson, III, being over the age of eighteen and competent to testify, hereby declare as follows based upon my personal knowledge:

1. I am a Lieutenant Colonel on active duty in the United States Air Force. I was commissioned in 1993 and have been on active duty since that time.

2. I am currently assigned as Director of Operations, 21st Student Squadron, Air Command and Staff College (ACSC), Maxwell Air Force Base (AFB). I have held this position since 2007. As Director of Operations for the Student Squadron at ACSC, I am responsible for all administrative matters concerning students assigned to ACSC.

3. Air Command and Staff College is the Air Force's intermediate professional military education (PME) school. It is part of the Air University and is

located at Maxwell AFB in Montgomery, AL. ACSC prepares field grade officers, primarily majors, to assume positions of higher responsibility within the Air Force. Upon graduation from ACSC, officers incur a three-year service obligation. ACSC has a 10-month curriculum that starts in August and ends in June.

4. Major Renae Hilton is an active duty Air Force officer. She is currently assigned as a student at ACSC at Maxwell AFB. There are approximately 494 students in Major Hilton's ACSC class. Major Hilton's class started on August 8, 2007, and will graduate on June 9, 2008. Most officers in ACSC will receive their follow-on duty assignments in March prior to graduation. Upon graduation, ACSC students are expected to depart Maxwell AFB for their next duty assignment before the end of June.

5. Major Hilton is an Office of Special Investigations (OSI) officer. It is almost a certainty that her next duty assignment will be outside of Alabama. There is little or no chance that she will be assigned to Maxwell AFB following her graduation from ACSC. As she will incur a three-year service obligation upon graduation, Maj. Hilton cannot separate from the Air Force upon graduation.

6. Major Hilton's automobiles are currently registered in the State of Texas.

7.  Jeremy L. Hilton and Kathleene E. Hilton are registered as Maj. Renae Hilton's dependents in the Defense Enrollment Eligibility Reporting System (DEERS).

8.  Jeremy L. Hilton is a legal resident of Texas and Maj. Renae Hilton is a legal resident of New York.

Pursuant to 28 U.S.C. § 1746 (2), I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of November, 2007.

*[signature]*
JOHN H. ANDERSON, III, Lt. Col., USAF
Dir. of Operations, 21st Student Squadron
Air Command and Staff College

3

# DEFENDANT'S EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JEREMY LEE HILTON and RENAE MARIE HILTON, et al. ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | CIVIL ACTION NO.: **2:07-cv-0741-MHT** |
| ) ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

## DECLARATION OF ERIC ISRAEL

I, Eric Israel, being over the age of eighteen and competent to testify, hereby declare as follows based upon my personal knowledge:

1. I am Deputy Chief of the Medical Law Branch of the Claims and Tort Litigation Division, Air Force Legal Services Agency, Arlington, Virginia. As part of my duties and responsibilities, I caused a search to be made of Department of Defense records for the current duty assignment and/or address of all of the Government health care providers who gave antepartum, intrapartum, and postpartum medical, nursing, and hospital care to plaintiffs Maj. Renae Hilton and her daughter Kathleene Hilton. The complete list of names and current locations appears in paragraphs 2-11 below. This list is complete and accurate as of today to the best of my knowledge.

2. Doctor J.R. Greenwald, CAPT USN, Pediatrics, Bethesda Naval Medical Center, Bethesda, Maryland.

3. Certified Nurse Midwife Susan Pierson, CDR USN, Bethesda Naval Medical Center, Bethesda, Maryland.

4. Marian Engle, civilian OB Nurse Practitioner, Bethesda Naval Medical Center, Bethesda, Maryland.

5. Doctor Catherine Witkop, Maj. USAF, OB/GYN, Johns Hopkins University Medical Center, Baltimore, Maryland.

6. Doctor Brian M. Belson, LTC USA, OB GYN, Walter Reed Army Medical Center, Washington, DC.

7. Doctor Belinda Yauger nee Blood, CPT USA, Walter Reed Army Medical Center, Washington, DC.

8. Doctor Christine Booth, CPT USA, OB GYN, Ft. Bragg, NC.

9. Nurse Practitioner/Nurse Midwife Michelle Harmon, Capt. USAF, Eglin AFB, Fla.

10. Doctor Tracey Golden, OB GYN, has separated from the Air Force and now practices in Myrtle Beach, SC.

11. Doctor Katherine Scvartsman, Lt. USNR, current address unknown at this time.

12. The medical records and other evidence concerning the antepartum, intrapartum, and postpartum medical, nursing, and hospital care

provided to plaintiffs Maj. Renae Hilton and her daughter Kathleene Hilton are located at Andrews Air Force Base in Prince Georges County, Maryland, and Bethesda Naval Medical Center in Bethesda, Maryland.

Pursuant to 28 U.S.C. § 1746 (2), I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of November, 2007

_____
ERIC ISRAEL

# DEFENDANT'S EXHIBIT 3

**Westlaw.**

Not Reported in F.Supp.2d                                                                                         Page 1

Not Reported in F.Supp.2d, 2006 WL 398400 (M.D.Fla.)
(Cite as: Not Reported in F.Supp.2d)

C
Adkins v. U.S.
M.D.Fla.,2006.
Only the Westlaw citation is currently available.
United States District Court,M.D. Florida.
Ronald S. ADKINS, individually and on behalf of the estate of Jo Ann Adkins, deceased, Plaintiff,
v.
UNITED STATES OF AMERICA, Defendant.
No. 8:05-CV-1851-T-24.

Feb. 16, 2006.

Donald P. Decort, Law Office of Donald P. Decort, Tampa, FL, Richard H. Gasperini, Goodman, Allen and Filetti, Glen Allen, VA, for Plaintiff.
Ralph E. Hopkins, U.S. Attorney's Office, Orlando, FL, for Defendant.

BUCKLEW, J.
*1 This cause comes before the Court on Defendant's Motion for Change of **Venue**. (Doc. No. 9). Plaintiff opposes the motion. (Doc. No. 12).

*I. Background*

Plaintiff filed suit against Defendant under the FederalTortClaimsAct. Plaintiff's claims result from the death of his wife. Specifically, Plaintiff alleges the following in his complaint (Doc. No. 1): Plaintiff is an active duty member of the United States Air Force. He and his wife resided at Elmendorff Air Force Base in Alaska. On June 11, 2004, Plaintiff's wife underwent an elective ileocecectomy at Elmendorff Air Force Hospital (" Elmendorff Hospital"), which is owned and operated by Defendant. The surgery was reported to have been performed without complication. However, four days later, Plaintiff's wife complained of acute abdominal pain. The pain continued, and she underwent surgery on June 17, 2004. From June 17, 2004 through June 26, 2004, Plaintiff's wife remained in the ICU. On June 28, 2004, Plaintiff's wife was transferred to Providence Alaska Medical Center ("PAMC") in Anchorage, Alaska. Her condition deteriorated, and she died on September 15, 2004.

Plaintiff alleges that Defendant was negligent in the care and treatment of his wife. Therefore, Plaintiff asserts two claims: (1) a survival action and (2) wrongful death.

Plaintiff filed suit in the Middle District of Florida, because he was reassigned to MacDill Air Force Base in Florida in January of 2005. **Venue** is proper in the Middle District of Florida, pursuant to 28 U.S.C. § **1402**(b), which provides that a claim under 28 U.S.C. § 1346(b) [FN1] may be prosecuted in the judicial district where the plaintiff resides. Defendant moves to **transfer** this case to the District of Alaska for the convenience of parties and witnesses, pursuant to 28 U.S.C. § **1404**(a).

> FN1. Section 1346(b) provides that the district courts have exclusive jurisdiction of civil actions on claims against the United States, for money damages, for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*II. Motion to Change Venue*

Section **1404**(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may **transfer** any civil action to any other district or division where it might have been

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2

Not Reported in F.Supp.2d, 2006 WL 398400 (M.D.Fla.)
(Cite as: Not Reported in F.Supp.2d)

brought."While **venue** is proper in this Court, Plaintiff could have filed this case in the District of Alaska, since 28 U.S.C. § **1402**(b) provides that **venue** is also proper in the judicial district where the act or omission complained of occurred.

Since **venue** is proper in this Court, Defendant has the burden of demonstrating that the case should be transferred in the interests of convenience and justice. See*Folkes v. Haley,* 64 F.Supp.2d 1152, 1154 (M.D.Ala.1999) (citations omitted). In determining whether the case should be transferred, the Court considers several factors: "(1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel presence of unwilling witnesses; (5) cost of obtaining presence of witnesses; (6) the public interest." *Windmere Corp. v. Remington Products, Inc.,* 617 F.Supp. 8, 10 (S.D.Fla.1985) (citations omitted)." Section 1404(a) provides for transfer to a more convenient forum, but not to one which is likely to prove equally convenient or inconvenient."*Johnston v. Foster-Wheeler Constructors, Inc.,* 158 F.R.D. 496, 503 (M.D.Ala.1994) (citation omitted).

*\*2* "In determining the propriety of transfer, the Court must give considerable weight to Plaintiff's choice of forum."*Oakes v. Whitten,* 685 F.Supp. 1228, 1229 (M.D.Fla.1988) (citation omitted)." Only if Plaintiff's choice is clearly outweighed by consideration of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action."*Id.*

Upon consideration, the Court finds that Defendant has satisfied its burden of demonstrating that this case should be transferred to the District of Alaska in the interests of convenience and justice. The Court bases this conclusion on the following: (1) all of the relevant military fact witnesses involved in the care and treatment of Plaintiff's wife, with the exception of Dr. David Copp, [FN2] are located in Alaska; [FN3] (2) the doctors, nurses, and technicians that treated Plaintiff's wife at PAMC while she was treated there for two-and-a-half months are located in Alaska; [FN4] (3) Plaintiff is the only witness that is located in Florida; [FN5] (4) the relevant documents and medical records are located at Elmendorff Hospital and PAMC in Alaska; and (5) the substantive law of Alaska will apply, and the District of Alaska is better suited to apply and interpret its state substantive law.[FN6]Furthermore, besides the fact that Plaintiff resides in Florida, the Middle District of Florida has no connection to this case, since all of the actions complained of occurred in Alaska. See*Johnston,* 158 F.R.D. at 505 (stating that the interest of justice favored transfer since all of the actions occurred in the transferee state, the law of the transferee state controlled, and the only connection to the forum was the fact that the plaintiff lived there); *Oakes,* 685 F.Supp. at 1230 (stating that the interest of justice favored transfer since all of the actions occurred in the transferee state and the law of the transferee state controlled).

FN2. Dr. Copp performed the surgery at issue. He is currently assigned to Brooks Air Force Base in Texas.

FN3. Defendant specifically identifies sixteen potential military witnesses.

FN4. In his initial disclosures, Plaintiff identified fourteen doctors at PAMC that may have information or knowledge regarding the medical care and treatment of Plaintiff's wife that forms the basis for his claim. (Doc. No. 9-2).

FN5. Plaintiff's attorney is located in Virginia.

FN6.*SeeHutchens v. Bill Heard Chevrolet Co.,* 928 F.Supp. 1089, 1091 (M.D.Ala.1996).

The Court has considered all of Plaintiff's arguments in opposition to the motion to transfer, but the Court finds that Plaintiff's choice of forum is clearly outweighed by consideration of the interests of convenience and justice. As such, the Court finds that Defendant's motion should be granted.

*III. Conclusion*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 3

Not Reported in F.Supp.2d, 2006 WL 398400 (M.D.Fla.)
**(Cite as: Not Reported in F.Supp.2d)**

Accordingly, it is ORDERED AND ADJUDGED that:
(1) Defendant's Motion for Change of **Venue** (Doc. No. 9) is GRANTED;
(2) The preliminary pretrial conference that was scheduled for February 24, 2006 is cancelled; and
(3) The Clerk is directed to transfer this case to the United States District Court for the District of Alaska.

DONE AND ORDERED.

M.D.Fla.,2006.
Adkins v. U.S.
Not Reported in F.Supp.2d, 2006 WL 398400 (M.D.Fla.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.